UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA D. RUNYON, | ) |
|     PLAINTIFF, | ) ) |
|     v. | )   Civil Action No. ) )   Jury Demanded |
| TRIDENT ASSET MANAGEMENT, L.L.C. and OPS 10 L.L.C., | ) ) ) ) |
|     DEFENDANTS. | ) |

## COMPLAINT

Plaintiff, Lisa D. Runyon, brings this action to secure redress from unlawful credit reporting and collection practices engaged in by Defendants Trident Asset Management, L.L.C. and OPS 10 L.L.C. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), as follows:

### VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331, 1337, and 1367.

2. Venue in this District is proper because Defendants do business here.

### PARTIES

3. Plaintiff, Lisa D. Runyon, ("Plaintiff") is an individual and resident of the State of Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Trident Asset Management, L.L.C., ("Trident") is a Georgia Limited Liability Company, that acts as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Trident regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. In fact, Trident was acting as a debt collector as to the delinquent consumer debt it was attempting to collect from the Plaintiff.

6. Trident is a "furnisher of information" as that term is defined in the FCRA, 15 U.S.C. § 1681s-2, and is a "person" as that term is defined in the FCRA, 15 U.S.C. § 1681a.

7. Defendant, OPS 10 L.L.C. ("OPS"), is a Georgia Limited Liability Company, that acts as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where OPS regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

8. OPS is a debt buyer that specializes in the purchase, management and collection of defaulted consumer receivables for collection.

**FACTS**

9. Plaintiff allegedly had an account with Columbia House DVD ("Columbia Account") which, according to Defendants, she used to obtain goods for personal, family

and household purposes ("alleged debt"). The obligation to pay money was thus a "debt" as that term is used in 15 U.S.C. § 1692a(5) of the FDCPA.

10. According to Defendants, Plaintiff defaulted on the Columbia Account.

11. Upon information and belief, Plaintiff never opened the Columbia Account.

12. Defendant OPS alleges to have purchased the Columbia Account after default by Plaintiff.

13. Plaintiff obtained a copy of her Experian credit report, which contained derogatory information in the form of a tradeline for "Trident Asset Management", stating that Plaintiff owes $104.00. Said report further states that the derogatory information is scheduled to continue on record until November 2014. For purposes of this Complaint, the term "tradeline" refers to the information reported on Plaintiff's Experian credit report as the result of Trident providing information to Experian, that relates to the alleged debt. (Exhibit A, Pertinent part of Plaintiff's Experian credit report dated December 28, 2011).

14. Trident is a debt collector that is a servicing company for OPS, and causes derogatory information to be reported to the Experian, Equifax, and TransUnion credit reporting agencies for some of the delinquent consumer accounts it attempts to collect on behalf of OPS, including the alleged account of Plaintiff.

15. Credit reporting by a debt collector constitutes an attempt to collect a debt. See, e.g., *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench

compliance with payment terms"). Debt collectors frequently will threaten to harm the consumer's credit as a cost effective way to coerce payment of a small debt.

16. Trident attempted to collect the alleged debt by communicating derogatory information regarding the alleged debt to the Experian credit reporting agency within the last year.

17. On or around July 11, 2012 Plaintiff initiated a reinvestigation of the tradeline reported by Trident by sending a written communication to the Experian credit reporting bureau stating that she did not owe the account being reported to and by Experian. (Exhibit B, Reinvestigation request sent to Experian).

18. During the course of the investigation that was performed by Experian as the result of the reinvestigation request initiated by Plaintiff and received by Experian, Experian forwarded to Trident all relevant information regarding the dispute of the alleged debt, that Plaintiff had provided to Experian regarding the alleged debt, and thus Trident received notice of the dispute from Experian.

19. During the course of the investigation initiated by Plaintiff, Trident received a Consumer Dispute Verification Form ("CDV") from Experian regarding the Trident tradeline that was being reported by Experian as the result of the information Trident had reported to Experian.

20. In response to the CDV that it received from the Experian credit reporting agency regarding the tradeline, Trident purported to conduct an investigation of Plaintiff's dispute within 30 days of its receipt of the dispute form.

21. Trident, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to the Experian credit reporting agency

that the information it was causing to be reported regarding the alleged debt was correct, and that Plaintiff owed $109.00 to OPS. (Exhibit C, Investigation results from Experian).

22. Trident, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to the Experian credit reporting agencies that Plaintiff owed $109.00 to OPS.

23. Trident misrepresented the truth and reported false credit information when it falsely verified to the Experian credit reporting agencies that Plaintiff owed $109.00 to OPS.

24. Any reasonable investigation by Trident, as to the accuracy of the tradeline being reported would have revealed that Plaintiff did not owe OPS any money.

25. Trident did not perform a reasonable investigation of Plaintiff's dispute, and did not consider information reasonably available to it when it "verified" to the Experian credit reporting agency that the tradeline was being reported correctly, and that Plaintiff owed OPS $109.00.

26. On September 18, 2012, Plaintiff had a telephone conversation with an agent or employee of Trident who identified herself as "Theresa".  The substance of the conversation was in connection with the collection of the alleged debt. During the course of the conversation, Plaintiff informed Theresa that the account was not hers, and that she disputed owing the alleged debt.

27. Theresa's conversation with Plaintiff on September 18, 2012 was the "initial communication" with Plaintiff in connection with the collection of the alleged debt.

28.     During the course of the conversation between Plaintiff and Theresa, Theresa told Plaintiff that the Columbia Account was opened on October 26, 2006, and that Plaintiff had previously ordered movies for which she had not paid.

29.     During the course of the conversation between Plaintiff and Theresa, Theresa told Plaintiff that, in order to dispute the debt, Plaintiff had to send Trident a letter within 30 days explaining why she was disputing the debt. Theresa told Plaintiff to send her letter to: Trident, PO Box 888424, Atlanta, Georgia, 30356.

30.     During the course of the conversation between Plaintiff and Theresa, Theresa misinformed Plaintiff of her rights under the FDCPA.

31.     Theresa misinformed Plaintiff that she had to provide a reason for her dispute of the alleged debt. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002).

32.     Theresa misinformed Plaintiff that she had to dispute the debt in writing. The FDCPA does not require the consumer to dispute the debt in writing in order to invoke the protections of 15 U.S.C. § 1692e(8). See, e.g., *Brady v. The Credit Recovery Company, Inc.*, 160 F. 3d 64 (1st Cir. 1998).

33.     Moreover, the FDCPA does not require Plaintiff to send a debt collector a letter, within 30 days of the occurrence of any communication with said collector, in order to dispute a debt—contrary to the information Theresa told Plaintiff.

34.     Trident did not, within 5 days of her September 18, 2012 initial communication with Plaintiff in connection with the collection of the alleged debt, mail

Plaintiff a letter informing her of her right to obtain verification of the alleged debt under 15 U.S.C. §1692g.

35. Trident has a pattern and practice of falsely informing consumers from which it attempts to collect delinquent consumer debts that, in order to dispute a debt with Trident, the consumer is required to send a letter to Trident providing a reason for the dispute.

36. OPS is aware of Trident's false and deceptive practice referenced in paragraph 35 above. OPS and Trident are related by common ownership and management, they operate from the same office, and they share the same office equipment and files.

37. OPS hired Trident to collect the alleged debt from Plaintiff. Because of the small amount of money involved, Trident's business model was to make no effort to contact Plaintiff regarding the alleged debt. Instead, Trident chose to wait until Plaintiff saw Trident reporting on his credit, at which time Trident would agree to remove its tradeline from Plaintiff's credit report in exchange for payment.

38. Trident communicated false credit information when it reported the alleged debt to the Experian credit reporting agency.

39. Theresa intended to speak the words that she spoke to Plaintiff.

40. At the time Theresa misinformed Plaintiff of her rights under the FDCPA, Theresa had notice, from previous lawsuits filed against Trident where Theresa was involved as a collector, that neither she nor Trident were acting in accordance with the FDCPA.

41. OPS is liable for the acts and omissions of Trident and Trident's employees, committed in connection with efforts to collect the alleged debt from Plaintiff.  (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

42. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*—TRIDENT AND OPS

43. Plaintiff incorporates paragraphs 1-42.

44. In its attempts to collect the debt allegedly owed by Plaintiff, Defendants violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a) Defendants violated 15 U.S.C § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   b) Defendants violated 15 U.S.C § 1692e(2) by misrepresenting the character, amount, and legal status of the alleged debt;

   c) Defendants violated 15 U.S.C § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false;

   d) Defendants violated 15 U.S.C § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff, including by falsely and unfairly telling Plaintiff she was required to communicate the reason for her dispute of the alleged debt via letter to Trident within 30 days;

   e) Defendants violated 15 U.S.C § 1692f(1) by attempting to collect an amount of money from the Plaintiff that was not authorized by the agreement creating the alleged debt, or permitted by law;

  f)  Defendants violated 15 U.S.C § 1692g by failing send Plaintiff a written notice within 5 days after the initial communication with Plaintiff that comports with the requirements of 15 U.S.C § 1692g;

45. Defendants' actions have caused Plaintiff emotional distress, including but not limited to feelings of anxiety, hopelessness, helplessness, and nervousness. Plaintiff continues to suffer because Defendants continue to cause the alleged debt to be reported on Plaintiff's Experian credit report. (Exhibit D, Pertinent part of Plaintiff's Experian credit report dated September 25, 2012).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against each Defendant, for the following:

  a.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

  b.  Actual damages suffered by the Plaintiff;

  c.  Plaintiff's attorney fees and costs, and;

  d.  Any other relief deemed appropriate by this Honorable Court.

**COUNT II-VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq*.--TRIDENT**

45. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-44 above as if fully set forth herein.

46. Trident violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation after the Experian credit reporting bureau contacted Trident in response to Plaintiff's dispute, when it falsely verified the information regarding the alleged debt that it had caused to be reported by Experian. Specifically, Trident falsely verified that Plaintiff owed the alleged debt and that it was properly reporting the tradeline that pertains to the alleged debt.

47. Trident committed such violations willfully or negligently, thereby violating 15 U.S.C. § 1681n or § 1681o.

48. Plaintiff's credit was damaged by Trident's actions and Plaintiff experienced emotional distress due to Trident's actions.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    a.    Appropriate actual, punitive, and statutory damages;

    b.    Plaintiff's attorney fees, litigation expenses and costs of suit;

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**  By: s/ Mario Kris Kasalo
**"A Consumer Protection Law Firm"**  Mario Kris Kasalo
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com